## Legal Representation of Judiciary

KANE, *Attorney General,* March 7, 1975—In the past, the Department of Justice, when requested to do so, has represented members of the judicial branch of the government of the Commonwealth in litigation to which they have been parties. The basis of this policy has been the Administrative Code of April 9, 1929, P.L. 177, as amended, 71 PS §293(b), which requires the Attorney General to "represent the Commonwealth, or any department . . . board, commission, or officer thereof, in any litigation to which the Commonwealth or such department, board, commission, or officer, may be a party or in which the Commonwealth or such department, board, commission, or officer, is permitted or required by law to intervene or interplead." After reconsidering this policy, it is our opinion, and you are so advised, that the judicial branch is not

such a department, board or commission of the Commonwealth as is contemplated by the statute and, further, that members of the judiciary are not such officers as are within the statutory language. It is our opinion that any other interpretation of the statute would violate the constitutional principle of separation of powers and, that, therefore, our prior practice of representing the judicial branch and members thereof in litigation must be discontinued.

Under our Constitution, the powers of the government are divided between three independent co-ordinate branches: the legislature, the executive and the judiciary. The Supreme Court of Pennsylvania has made it clear that the principle of separation of powers was established to maintain and protect the independence of the three branches. In a discussion of the constitutional provisions referring to the compensation of judges it said:

"They are independent and co-ordinate, because distinct rights, powers and privileges are assigned to them by the Constitution. Each is entitled to the free, unbiased, uninfluenced and independent exercise of all their rights, powers and privileges in as ample extent as the Constitution allows.": Commonwealth ex rel. v. Mann, 5 W. & S. 403, 407 (1843); accord, Commonwealth ex rel. v. Mathues, 210 Pa. 372 (1904).

That court has also observed that:

". . . [I]n a government in which they are separated from each other, the judiciary, from the nature of its functions, will always be the least dangerous to the political rights of the constitution; because it will be least in a capacity to annoy or injure them. The executive not only dispenses the honours, but holds the sword of the community.

The Legislature not only commands the purse, but prescribes the rules by which the duties and rights of every citizen are to be regulated. The judiciary, on the contrary, has no influence over either the sword or the purse; no direction of either the strength or of the wealth of the society, and can take no active resolution whatever. It can be truly said to have neither *force* nor *will*, but merely judgment, and to be ultimately dependent upon the aid of executive arm for the efficacious exercise even of this faculty. This simple view of the matter suggests several important consequences. It proves incontestably, that the judiciary is, beyond comparison, the weakest of the three departments of power; that it can never attack with success either of the other two, and that *all possible care is requisite to enable it to defend itself against their attacks.* . . .

". . . [L]iberty can have nothing to fear from the judiciary alone, but would have everything to fear from its union with either of the other departments; . . . the effects of such a union must ensue from a dependence of the former on the latter, notwithstanding a nominal and apparent separation; . . . from the natural feebleness of the judiciary it is in continual jeopardy of being overpowered, awed or influenced by its co-ordinate branches . . . the complete independence of the judiciary is a fundamental principle of the Constitution, designed mainly for the protection of public and private rights.": Commonwealth v. Mann, supra, at 410-11. (Italics in original.)

In Mathues, relying in substantial part on the Mann holding, the Supreme Court of Pennsylvania held that members of the judicial branch were not "public officers" within the meaning of the term as used in a constitutional provision barring an increase in the salary of such officers during their

terms of office, concluding that to hold otherwise would violate a specific provision of the Constitution guaranteeing the judges "adequate compensation" and, more importantly, the general constitutional principle of separation of powers which, according to the Mann decision, that provision was intended to protect: Commonwealth v. Mathues, supra.

It is our opinion that this same constitutional theory of separation of powers excludes members of the judicial branch from the coverage of 71 PS §293(b), as it is a theory which requires the existence of a certain tension between the separate branches of government which the legal representation of one branch by another tends to eliminate. Such a relationship of dependency by one branch on another creates just that possibility of influence of which the court spoke in Mann.

In saying this, we do not mean to indicate that this relationship has been or will be improperly used. However, as the Supreme Court noted in Mann, it is not intentional disrespect to either the judicial or executive branches of government to suppose it possible that cases may arise where successful resort may be had to the potential lever of influence in order to accomplish executive goals. See Commonwealth v. Mann, supra, at 409. It is this very potential for conflict and influence which, in itself, violates the constitutional doctrine of separation of powers and which must, therefore, be eliminated.

In passing, we should also note that the Department of Justice and agencies whose legal matters it controls employ over 350 attorneys who are involved in litigation in all the courts of the Commonwealth on a continuing basis; thus, the possibility that the Department might be representing a judge in litigation to which he is a party and at the

same time be involved in litigation before him is not insubstantial. This potential conflict of interest, while apparently not explicitly barred by the Canons of Ethics, borders on the improper and may, in itself, justify the termination of any representation of judges by the Department of Justice.

Accordingly, you are hereby advised that the Department of Justice will no longer represent in litigation either individual judges or the judiciary itself. In this regard, we believe, and you are so advised, that under article V, section 10(b) of the Constitution of the Commonwealth of Pennsylvania you, as Court Administrator, have the power to hire an attorney or attorneys to represent the judiciary which would be independent of the control of either the executive or legislative branches of government.